IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL GARZA, Jr.

     Plaintiff,                    No. 2:11-CV-3010 GGH P

   vs.

W. KNIPP, Warden,

     Defendant.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.[1] However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(a)(2). Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application.

/////

---

[1] This case was transferred from the Northern District.

1

This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S .Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

/////

1   In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969).

Plaintiff names Mule Creek State Prison (MCSP) Warden W. Knipp as the defendant. Plaintiff, who smokes and uses tobacco as much as it is available to him, alleges that MCSP does not sell tobacco products to inmates in the canteen. Plaintiff alleges that defendant Knipp approved removing tobacco as an available canteen purchase. Plaintiff claims that this has impacted him in the form of a depression and engaging in aggressive behavior which, in turn, has caused plaintiff to lose employment wages. Plaintiff seeks monetary compensation for lost wages and employment opportunity. See Complaint, pp. 3-4.

Plaintiff fails to state a claim upon which relief can be granted by his allegations. Liberally construing plaintiff's allegations as a claim that eliminating the sale to inmates of tobacco products from the prison canteen amounts to a regulation that infringes on his constitutional rights, plaintiff does not frame a claim because "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254 (1987). In light of the Supreme Court's determination that exposing prisoners to environmental tobacco smoke may violate their Eighth Amendment rights, Helling v. McKinney, 509 U.S. 25, 34-35, 113 S. Ct. 2475 (1993), a prohibition on the canteen sale of tobacco products to inmates is on its face reasonably related to the legitimate penological interest of protecting other prisoners from the deleterious impact of tobacco smoke. In an unpublished case,[2] the Ninth Circuit has affirmed

---

[2] Although not selected for publication, the Ninth Circuit has permitted citation to unpublished cases since 2007. Ninth Circuit Rule 36-3, in accordance with Fed. R. App. P. 32.1, permits citation to unpublished dispositions and orders issued on or after January 1, 2007. While such rulings are not binding precedent, they might serve as useful persuasive authority in

3

the dismissal of a state prisoner's Eighth Amendment, due process and equal protection challenges under § 1983 to a ban on the use of tobacco products in California state prisons. LaFaele v. Schwarzenegger, 369 F. App'x 862, 2010 WL 763911 (9th Cir. 2010); see also, Larson v. Runnels, 2008 WL 220377 (E.D. Cal. 2008) (granting summary judgment to defendants on prisoner-plaintiff's claims that defendants' tobacco ban in state prisons violated plaintiff's Eighth and Fourteenth Amendment rights); Arehart v. Keefe Commissary Network Sales, 2009 WL 2753196 (W.D. Va. 2009) (dismissing as frivolous prisoner-plaintiff's claim that he must pay higher prices for rolling tobacco products where prison commissary vendor raised prices before the state prohibition on smoking in prisons was to take effect); Nowaczyk v. Shaheen, 2001 WL 276960 (D.N.H. 2001) (defendants granted summary judgment on claims by prisoner-plaintiffs of violations of Eighth Amendment rights by implementation of a tobacco-free policy in the prison).

      Moreover, plaintiff does not have a constitutional right to a job. Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 846 (9th Cir. 1985)("[g]eneral limitation of jobs and educational opportunities is not considered punishment"); see also, Hunter v. Heath, 95 F. Supp. 2d 1140, 1147 (D. Or. 2000)[3] ("[i]t is uniformly well established throughout the federal circuit courts that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment," citing, in addition to a Ninth Circuit case, Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir.1989), cases from the Third, Fourth, Seventh, Tenth and Eleventh Circuits).   Plaintiff's complaint must be dismissed.

      Although the court cannot discern how plaintiff might cure the defects of his allegations, the court will nevertheless permit him to file an amended complaint. Plaintiff is,

---

a given context.

[3] Judgment reversed on unrelated ground in an unpublished decision.

4

however, cautioned that he must also file a fully completed in forma pauperis affidavit for the court to consider his request to proceed in forma pauperis within the same period in which he is being permitted to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court (or the $350.00 filing fee in full);

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

/////

        3. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint; and

        4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint and/or the in forma pauperis affidavit will result in a recommendation that this action be dismissed.

DATED: July 12, 2012

                              /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

GGH:009
garz3010.b